of oral argument for this panel, which has been very enjoyable. And we welcome you to the Fifth Circuit. I assume you're familiar with our lighting system. When the yellow light goes on, you should get nervous, and then when the red light goes on, you should get really nervous and stop talking. Bad joke. Okay. We are delighted and looking forward to hearing your argument. We have two cases on our docket this morning. Actually, three. We'll hear two live, and then we'll take a break and hear one by Zoom, a third case. So we will call, let's see here, we'll call the first case, number 21-40712, United States of America v. Mohamed Pathé Bah. Mr. Illich. Good morning. Good morning. Thank you for having us. Judge Duncan, members of the panel, and may it please the Court, my name is Niles Illich, and I represent the appellant Mohamed Bah. This appeal presents a single question, and that question is whether the district court did enough to adequately explain the two dramatic variances it imposed. For us, the answer is no. We concede, as we must, that the error was not preserved, and so we're before the Court this morning on plain error review. We do believe, however, that this is one of the rare cases that can meet this unusually high standard, and we'll explain that in a moment. But I think it's useful to begin with a reminder of where we started, and that is with the guidelines. And the guidelines range for count one was 53, 51 to 63 months. For guidelines two, for count two, it was a minimum of 120 months, for a total of 183 months. The government asked for 600 months, and the district court imposed a sentence of life, which I've quantified at 900 months. I don't know if there's an official month quantification for that, but that's 75 years, followed by 300 months, for a total of 1,200 months. So we've gone from 187 months to 1,200 months, an increase of more than six and a half times. The failure in this case isn't necessarily the imposition of the 1,200 months. It's the failure to explain adequately why they imposed 1,200 months. And I'll tell the Court what it already knows, but it is procedural error to fail to adequately explain a sentence. And the further you get from the presumptively reasonable guidelines range, the more explanation is required. This is not new law. This is law that has been before this Court and before the Supreme Court for decades. But here, when we look at the record, whether it's the statement of reasons form that was marked in Section 6, or whether it was the exchange during sentencing, we simply don't know why the sentence is what it is. Now I think this really requires me to turn to the plain error analysis, because that's where the meat of this case is. And as the Court is aware, there are really four things, or three things here. Error that's clear and plain, that affected the substantial rights, and then, of course, the exercise of discretion. I think the easiest of these for my client is to show error, and to show that it was clear and plain on the record. And that is because cases like Gall from the Supreme Court, Bostick, Smith, out of this Court, have been very clear that if you're going to impose a sentence, the district court doesn't have to do the guidelines, of course. It can go up. But if you're going to go up, you need to explain it. And you explain the 3553A factors, like nearly every district judge in this circuit does. Here, we simply don't have that explanation. Remind me, counsel, what did the district judge say, if anything? Yes, Judge Duncan. He gave the same answer, the same explanation for count one and count two, and that is something along the lines of, under the 3553A factors, and the history and circumstances of the defendant, I'm imposing this sentence. Right. In your view, that's just not enough explanation? No. Admittedly, it's thin. Yes, Judge Duncan, I don't think it's enough. And maybe if we were talking about a guideline sentence, I think you could get there. But as we deviate six and a half times, if my 900 months is a fair number, but if we deviate six and a half times from the presumptively reasonable guidelines range, there needs to be some explanation. And, you know, when we look . . . It strikes you that when I look at this, it's precisely the reason we had reinforced the plain error rule, to reinforce the obligation to advise the court. If an objection made at the time, the judge would have promptly given you the explanation you wanted. So I have trouble escaping the plain error. Judge Higginbotham, I understand that, and it's hard for me. And I'm just in a moment of candor here that's usually not a good idea. I really looked for other issues, because I didn't want to bring up a plain error issue, because I recognize the problem. But that really, in my mind, goes to the fourth prong of the plain error analysis, and whether this court should exercise its discretion. And typically, when this court exercises its discretion and finds plain error, it's looking to something that sort of goes to the fundamental fairness, the integrity of the court system. Let me just interrupt you for a second, because there's a third prong. Yes, Judge. Let's assume it's error. Let's assume it's plain. Okay. Now, it is your burden to show that the plain error affected the defendant's substantial rights. In our case, I'm looking at Mondrian-Santiago. You have to show that a probability sufficient to undermine confidence in the outcome. Now, how do you do that in a case like this? Sure. And Judge Higginbotham, if I may come back to your point when I address the fourth prong. They're closely related. Yeah, I was trying to just . . . I wasn't trying to preempt Judge Higginbotham. I just think it's all . . . I just want to make sure I get everybody addressed. And certainly, Judge Duncan, I think prong three is the hardest prong for us, because it's an alluring argument. It's a hard argument for me to say that, look, anybody who would look to this long mental health history, I think, would find it mitigating. But I cannot point to a place in the record that shows that kind of error. So in some of the cases we've had errors where they marked a guideline sentence, and then they imposed above a guideline sentence. There you could do it. Sure. Here, I cannot go to a place in the record and show you that. And that's what . . . And I appreciate the candor. This is an unusual case. The variance or departure, whichever one it is, is dramatic. And yet, it is clear, is it not, or maybe it's not, the district court was aware of the mental health issues, right? Judge Duncan, I will say that we know so little that I think we should say the district court should have been aware. I don't think we can say with absolute certainty that the district court was aware. It's in the PSR, right? It's in the PSR, and the court, of course, says it read the PSR. It did say that. Yes, yes, in the form of reasons, it says that. But if I can go on just a little bit on prong three, and I'm not sure that I elaborated on this as well as I could have, but when I cited to the Cron case, Sean case, what I'm explaining to the court is that the effect on appellate substantial rights and 3553A section, I think it's C, really goes to the ability to do an effective appellate review of the sentence. And part of the showing of the effect on appellate substantial rights is that without some explanation, we don't really know how this sentence came. So let's look at his criminal history, okay? He's got assault on a police officer that he got one point for, and then he's got like failure to drive with a speeding ticket or something, a seat belt on. Let's say the judge imposed a 900-month sentence because he had a ticket for driving without a seat belt on. I would come to this court and say that's substantively unreasonable. The district court may believe that shows irresponsibility and that irresponsible people need longer sentences, but we don't give 900-month sentences as enhancements usually for failing to wear a seat belt. So the court really is prevented from doing an effective appellate review of this sentence by failing to explain, by the district court's failure to explain why it varies so highly. I mean, I guess the elephant in the room is the shooting the bank teller in the head, right? Of course, Judge Duncan. And I have not shied away and I don't shy away from that fact. And I'm not saying that my client is innocent. I'm not saying that he doesn't deserve to go to prison. I think we start with the idea that the sentencing guidelines are presumptively reasonable, which put it at, what, 183 months, which is, I think, almost 16 years. Now, is 16 years an appropriate sentence for somebody who shoots somebody else in the head? And there's no argument that the guidelines were improperly calculated, correct? Correct, Judge Englehart. No one has made that argument. Okay. My question is, other than an improper, or I should say an erroneous, a plainly erroneous guideline calculation, are there any cases that we should look at, either controlling or persuasive, that relate to sentencing, plainly erroneous sentencings that were vacated or reversed on appeal? I think Phillips would be one. Chaun would be one. Bostick was not one. It was not a plain error. It was reversed. But I think it is, I mean, it was preserved. But I think it is a good explanation of the law, and I've included it here. But with full disclosure that it was preserved and we're not here. But I guess I would turn the court to Phillips and to Chaun. But if I could turn to Judge Higginbotham's point about how hard it is to overcome plain error and the necessity and the need to encourage attorneys to make these objections contemporaneously, I think it goes to sort of the court. And when we see a sentence that is this dramatic, when we see a sentence that is 1,200 months, that's a sentence that the public deserves to have an explanation for. And whether the attorney messed up or whether the attorney, and he certainly did, and I can do this on a writ. My writ is written right here. But it goes to the credibility of the court. The court should say why it's imposing 1,200 months. If it's because a man was shot in the head and another person had a panic attack, a near heart attack, and the court believes that's an appropriate sentence, fine, say so. But if it's because he had a speeding ticket or if it's because he drove without insurance, that's a different matter. This goes to the credibility of the court, and that's been conventionally where this court has exercised its discretion. Well, I would assume that there has to be some coloration of error lurking in the background somewhere. Otherwise, we're just left from the fact that the sentence is perfectly proper within the range of the discretion of the district court. And then on a plain error doctrine, it would be difficult to say that it affected the outcome, et cetera. So we're left with the rationale, which I appreciate, that there is an obligation that is not met inherently imposed by these rules of the public declaration, the court of openness rule, as you argued. But I don't find that the latter point, although I think it's sound in reality in the cases, but perhaps there is one, that particular rationale has been distinct in and of itself. Well, and I'm not sure that it is except for the fact of the magnitude of the distinction. And we looked at cases like Smith that we cited in our brief that really talk about this imperative to explain a big variance up or downwards. It's not just upwards, but up or downwards. When you're going away from that, you need it to be explained. Why does it need to be explained? It needs to be explained not only for the defendant, but for the attorneys and for the public, so that there isn't . ok